UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

EDMUND OROK EDEM,

                Plaintiff,

                                          **MEMORANDUM AND ORDER**

         -v-                                    05-CV-3504 (RJD)

ELLIOT SPITZER; STEWART WEINSTEIN;
ELIZABETH SHAMAHS; MARY CLARK;
PAULA HEPNER; MITCHELL REGENBOGEN;
ALBERTO GONZALES; MICHAEL BELOHLAVEK;
NEW YORK STATE COMMISSION FOR JUDICIAL
CONDUCT; MICHAEL CARDOZO; JOHN AND
JANE DOES,

                Defendants.
------------------------------------------------------------------x
DEARIE, United States District Judge.

      Plaintiff, appearing *pro se,* brings this action alleging violation of his civil rights pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988. Plaintiff has paid the filing fee to bring this action, but the Court finds the complaint is frivolous and therefore it dismisses the complaint for the following reasons. Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362 (2d Cir. 2000) (the district court may *sua sponte* dismiss a frivolous complaint even if the plaintiff has paid the filing fee).

Background

      Plaintiff's complaint alleges that his constitutional rights were violated during the course of a paternity action when an order of filiation and support was entered by Kings County Family Court.[1]

---

[1] Plaintiff's instant complaint is essentially the same as that of two prior complaints he filed with this Court. See Edem v. Northfield Savings Bank et al., 04-cv-657 (RJD); Edem v. The State of New

1

Plaintiff alleges that "[t]here was a conspiracy between the defendants and an overt act was carried out to withhold and falsify court orders which prevented the plaintiff from filing an appeal as at when due." Complaint at 4, § 8. Plaintiff further alleges that [o]n March 17, 2001, [he] had filed a motion in the family court to correct error in the order of filiation" and that the motion is still pending. Id. at 5, § 12. Plaintiff seeks monetary damages and requests that this Court "issue a declaratory judgment declaring the judgment of the state court as unconstitutional, void and as a nullity..." Complaint at 11, § 28 (ii) .

## Discussion

### Lack of Subject Matter Jurisdiction

This Court lacks subject matter jurisdiction over plaintiff's claims pursuant to Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983) (Rooker-Feldman doctrine). The Supreme Court recently clarified the contours of Rooker-Feldman in Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. ----, 125 S.Ct. 1517, --- L.Ed.2d ---- (2005), and held that the doctrine precludes a district court from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." Id. at 1521-22.

To the extent plaintiff brings the instant complaint as a means to challenge the orders of the family court regarding the order of filiation and child support payments, this court lacks jurisdiction

---

York, 03-cv-1220 (RJD). The complaints were dismissed for lack of subject matter jurisdiction and failure to state a claim by order dated November 2, 2004. Plaintiff filed a motion for rehearing of the Court's November 2, 2004 order, which was denied by order dated November 5, 2004. In addition, plaintiff filed a motion to "amend error in judgment" which was denied by order dated November 19, 2004. Plaintiff appealed to the Second Circuit which dismissed the appeal, by Mandate issued May 15, 2005. See Second Circuit docket numbers 04-6171, 04-6135.

over plaintiff's claims. See Phifer v. City of New York, 289 F.3d 49, 57 (2d Cir. 2002) (plaintiff's claims directly attacking family court's decisions regarding custody, neglect, and visitation are barred by Rooker-Feldman); Elmasri v. England, 111 F.Supp.2d 212, 220 (E.D.N.Y. 2000) ("[d]espite plaintiff's protests to the contrary, it is clear to the court that the complaint herein is an attempt to overturn, at least in part, the decision of the state court regarding the custody of plaintiff's children").

The Rooker-Feldman doctrine also prohibits this court from hearing plaintiff's claims that his constitutional rights were violated during the family court proceedings. The doctrine prohibits a district court from reviewing claims that are "inextricably intertwined" with a state court's determinations. Kropelnicki v. Siegel, 290 F.3d 118, 128 (2d Cir. 2002). Here, plaintiff's alleges that he was denied due process because he was not given "adequate notice and opportunity be to heard prior to the deprivation of his property rights." Complaint at 5-6, § 13. These claims are inextricably intertwined with the state court's determinations and could have been raised in state court, either in the Family Court or on appeal. Accordingly, the Rooker-Feldman doctrine bars the plaintiff from relitigating these issues that were decided by the Family Court. Chase v. Czajka, No. 04 CIV.8228, 2005 WL 668535, at *5 (S.D.N.Y. Mar 23, 2005) ("[a]lthough dressed up with assertions of conspiracy and defamation, the basis of [plaintiff's] complaint concerns decisions made or pending before the Family Court ... and such are barred pursuant to the Rooker-Feldman doctrine); Cogswell v. Rodriguez, 304 F.Supp.2d 350, 356 (E.D.N.Y. 2004) (plaintiff cannot raise in federal court a Due Process challenge to a state court determination on the amount of child support owed); Arena v. Dep't of Soc. Servs. of Nassau County, 216 F.Supp.2d 146, 152 (E.D.N.Y. 2002) (plaintiff's § 1983 suit against family court judge and state custody officials barred by the Rooker-Feldman doctrine).

## Conclusion

Accordingly, the action is dismissed. Although plaintiff paid the filing fee to bring this action, the Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any *in forma pauperis* appeal from this order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

RAYMOND J. DEARIE<br>
United States District Judge

Dated: Brooklyn, New York
      8/15  2005

4